NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALVAREZ VALENCIA, | No.   14-72613 |
| Petitioner, | Agency No. A078-265-714 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2020**
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and WHALEY,*** District
Judge.

Jose Alvarez Valencia, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") affirming an

---

   *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   ***      The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Alvarez Valencia argues that he suffered past persecution, which gives rise to a presumption of a well-founded fear of future persecution. Reviewing for substantial evidence, *Karouni v. Gonzales*, 399 F.3d 1163, 1170 (9th Cir. 2005), we conclude that the BIA did not err in affirming the IJ's finding that Alvarez Valencia did not suffer past persecution.

First, because threats alone generally do not constitute past persecution, *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000), the BIA did not err in holding that the threats Alvarez Valencia suffered did not rise to the level of persecution. Second, substantial evidence supports the BIA's finding that the harm Alvarez Valencia suffered was not on account of his family membership. The timing and content of the threats indicate that the Knights Templar targeted Alvarez Valencia to obtain information, not because of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (holding that substantial evidence supported finding that there was no nexus to a protected ground where individuals who wanted family land murdered the petitioner's family members).

The BIA did not err in failing to consider whether Alvarez Valencia was harmed on account of his political opinion and whether the Knights Templar acted

2

as the de facto government. Even if the BIA failed to consider these elements of Alvarez Valencia's asylum claim, a decision on these elements was not necessary because Alvarez Valencia's claim was doomed by the BIA's finding that the harm he suffered did not rise to the level of persecution.[1] *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Because the BIA did not err in upholding his asylum denial, Alvarez Valencia necessarily fails to establish eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2. We review factual findings underlying a denial of protection under the CAT for substantial evidence. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). The evidence Alvarez Valencia presented does not compel the finding that he is more likely than not to be tortured in Mexico because he was not tortured in the past and did not present particularized evidence showing he would be at special risk of torture in the future. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (finding that "generalized evidence of violence and crime in Mexico" was "insufficient to meet [the CAT] standard" because it was "not

---

[1] It was similarly unnecessary for the BIA to analyze whether the Knights Templar was the de facto government as part of Alvarez Valencia's claim for protection under the CAT. Because, as discussed below, Alvarez Valencia did not establish he was more likely than not to be tortured in Mexico, the BIA did not need to address whether the Knights Templar acted as the de facto government.

3

particular to Petitioners").

3. Finally, we hold that Alvarez Valencia waived his due process claim by failing to present supporting arguments in his briefing. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

**PETITION DENIED.**